UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE CARRASCO,       :
     Plaintiff,    :
             :
v.            :     **OPINION AND ORDER**
             :
ANTHONY ANNUCCI, Acting Commissioner; :   17 CV 9643 (VB)
THOMAS GRIFFIN, Superintendent; LT. W. :
PLIMLEY; LT. NORTON; SGT. BIZUB; C.O. M. :
ERNST; C.O. TRINIDAD; C.O. KASPER; and :
C.O. JOHN DOES 1–3,      :
     Defendants.   :
-------------------------------------------------------------x

Briccetti, J.:

  Plaintiff Jose Carrasco, proceeding pro se and in forma pauperis, brings this action under

42 U.S.C. § 1983, against defendants Acting Commissioner ("Comm'r") Anthony Annucci,

Superintendent ("Supt.") Thomas Griffin, Lieutenant ("Lt.") W. Plimley, Lt. Norton, Sergeant

("Sgt.") Bizub, Correction Officer ("C.O.") M. Ernst, C.O. Trinidad, C.O. Kasper, and C.O. John

Does 1–3. Plaintiff alleges defendants violated his Eighth Amendment rights by failing to

protect him from being stabbed by another inmate on October 6, 2015, at Green Haven

Correctional Facility ("Green Haven"). Plaintiff also asserts violations of his constitutional

rights arising from allegedly fabricated charges of possessing synthetic marijuana.

  Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule

12(b)(6). (Doc. #37).

  For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted

leave to file a second amended complaint as to his Eighth Amendment failure to protect claim

only, in accordance with the instructions below.

  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below. The Court also considers allegations made for the first time in pro se plaintiff's opposition to the motion to dismiss. See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[1]

A.     October 6, 2015, Assault

Plaintiff, a convicted inmate at Green Haven at all relevant times, alleges that on or about October 6, 2015, he was standing in line to use the telephone in the E&F yard when he was "physically attacked by unknown inmate(s)." (Doc. #13 ("Am. Compl.") ¶ 5). Plaintiff alleges he was stabbed with a sharp, plexiglass-plastic shank in the head, face, chest, back, and stomach. According to plaintiff, the shank was made from a broken sign attached to the yard phones. Plaintiff alleges C.O. Ernst, who was assigned to the E&F yard at the time, called for a response team and ordered plaintiff and his assailant to stop fighting—even though plaintiff was just trying to defend himself—and to place their hands behind their backs to be handcuffed. Plaintiff alleges he complied with C.O. Ernst's order.

Plaintiff alleges defendant C.O. Trinidad, who allegedly filed a report regarding the incident, misidentified the inmate who attacked him. Plaintiff asserts C.O. Trinidad was not present in the yard during the attack, but rather arrived on scene as part of the response team called by C.O. Ernst. According to plaintiff, the actual perpetrator remains free, and plaintiff thus remains in danger.

---

[1]     Because plaintiff is proceeding pro se, he will be provided copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Moreover, according to plaintiff, there are at least three separate guard posts, each with a full view of the whole yard, but only one was staffed at the time of his assault; thus, plaintiff asserts there should have been three other guards at their posts—the three John Doe defendants—who could have helped stop the attack or would have noticed an inmate making a weapon from the broken sign. Plaintiff also asserts there should be a security camera in the E&F yard, which would have recorded any inmate taking plastic from the sign.[2]

Plaintiff asserts DOCCS's negligence, indifference, and lack of accountability allowed the assault on plaintiff to occur. Further, plaintiff alleges there is a history of "extreme violence – especially in the yard," as at least one inmate has been stabbed and killed in the yard, and another inmate once assaulted the prison's deputy superintendent with a weapon. (Am. Compl. ¶ 43).

B.    Synthetic Marijuana

Plaintiff alleges after C.O. Ernst handcuffed him, he was taken to the medical clinic, where he was examined and his injuries were photographed. According to plaintiff, C.O. Kasper observed plaintiff spit something out of his mouth, which she tested for marijuana. The results were negative. Nevertheless, according to plaintiff, Sgt. Bizub determined based on his experience that the object was synthetic marijuana. Plaintiff asserts Sgt. Bizub did not provide evidence of his qualifications for determining through observation whether an object is or is not a drug, and that an officer's observations alone are not sufficient proof in the first place.

---

[2]    The Court ordered the New York State Attorney General's Office to ascertain the identities of the three John Doe defendants. The Attorney General's Office responded they could not identify the individuals, as only two correction officers were assigned to the E&F yard on the day and time of the alleged incident. Thus, the Court ordered that to the extent the identities of the three John Doe defendants became clear during discovery, plaintiff would have the opportunity to move for leave to file a second amended complaint.

Plaintiff alleges he was taken to his cell and placed on keeplock while the incident was investigated. According to plaintiff, Sgt. Bizub ultimately determined plaintiff had been attacked by another inmate. However, plaintiff alleges he received a misbehavior report and was "forced to plead guilty to violent conduct, creating a disturbance, fighting and refusing a direct order." (Am. Compl. ¶ 17). Plaintiff alleges he pleaded guilty after contesting the charges for sixty days, and only did so after being told that his plea would result in no charges from the alleged synthetic marijuana and that he would not lose visiting privileges. Plaintiff alleges he was sentenced to "months" of cell confinement and loss of all privileges during the confinement. (Id. ¶ 18).

Plaintiff alleges the synthetic marijuana report is false "and was used as leverage by the staff and administration of Green Haven C.F. to force plaintiff to plead guilty to charges that their own investigation and documents prove are false." (Am. Compl. ¶ 20). Plaintiff asserts it would have been impossible for him to conceal 10.5 grams of synthetic marijuana in his mouth while being assaulted and subsequently questioned. Moreover, according to plaintiff, he was not criminally charged, rendering his actual possession of synthetic marijuana implausible. Finally, plaintiff asserts two reports attached to his amended complaint, both apparently drafted by defendant C.O. Kasper, are contradictory and were not verified by another officer.

Plaintiff alleges the purported fabrication allowed the Department of Corrections and Community Supervision ("DOCCS") and Green Haven employees to "neutralize plaintiff's complaint" by suggesting "plaintiff was as responsible as the attacker by fighting to defend himself from further harm," and that plaintiff's alleged possession of drugs potentially caused the attack. (Am. Compl. ¶ 21). Plaintiff also asserts defendants took these actions to prevent plaintiff from commencing this section 1983 action.

**DISCUSSION**

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    Failure to Protect Claim

Plaintiff brings a failure to protect claim against defendants Acting Comm'r Annucci, Supt. Griffin, C.O. Ernst, C.O. Trinidad, and the three John Doe defendants.[3] Defendants argue plaintiff fails adequately to state a claim because he does not allege any defendant knew of a prior altercation between plaintiff and his attacker or that threats had been made against plaintiff.

The Court agrees.

The Eighth Amendment requires that prison officials take reasonable measures to ensure inmates' safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A failure-to-protect claim thus arises when prison officials act "with deliberate indifference to the safety of the inmate." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996) (internal quotation omitted). When brought by a convicted prisoner, such a claim is analyzed under the Eighth Amendment and must satisfy two prongs: an objective prong and a mens rea prong. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

To adequately plead the mens rea prong, a plaintiff must plausibly allege the defendant knew of a substantial risk of serious harm to the inmate, and disregarded that harm by failing to take reasonable measures to abate it. Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620. The defendant officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v.

---

[3]    Plaintiff named as defendants in his amended complaint Lt. Plimley and Lt. Norton, but beside a memo to Lt. Norton from Sgt. Bizub concerning the incident (Am. Compl. at ECF 20), there are no allegations against them. All claims against Lt. Plimley and Lt. Norton are therefore dismissed for lack of personal involvement. Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

<u>Moritsugu</u>, 222 F.3d 99, 107 (2d Cir. 2000) (internal citation omitted). "Mere negligence by a prison officer does not establish a claim for deliberate indifference to prisoner's safety." <u>Fernandez v. N.Y.C. Dep't of Corr.</u>, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (internal quotation and citation omitted).

In general, "[a] plaintiff must allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff." <u>Morgan v. City of New York</u>, 2014 WL 3952917, at *3 (S.D.N.Y. Aug. 12, 2014) (internal citation omitted). "Courts routinely deny deliberate indifference claims based upon surprise attacks." <u>Fernandez v. N.Y.C. Dep't of Correction</u>, 2010 WL 1222017, at *4 (internal quotation and citation omitted).

Alternatively, a plaintiff may state a claim based on "a failure to protect him against a general risk of harm to all inmates at the facility." <u>Parris v. N.Y. State Dep't Corr. Servs.</u>, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). "To do so, a plaintiff must allege that the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff." <u>Id</u>. (internal citation omitted). "This generally requires a plaintiff to establish a longstanding, pervasive, well-documented history of similar attacks, coupled with circumstances suggesting that the defendant-official being sued had been exposed to this information." <u>Constant v. Prack</u>, 2019 WL 3287818, at *7 (S.D.N.Y. July 19, 2019) (internal quotations, citation, and alteration omitted).

Plaintiff fails to satisfy the <u>mens rea</u> prong as to any defendant. Plaintiff fails to allege any defendant knew of a prior altercation between him and his attacker. Indeed, plaintiff alleges he was attacked without provocation by an unknown inmate—in other words, it was a surprise attack. Moreover, there are no alleged facts suggesting C.O. Ernst failed to intervene after

plaintiff was assaulted, or that the three John Doe defendants, who allegedly were assigned to the E&F yard but absent from their posts, knew about the assault in advance.[4]

Plaintiff also appears to assert Supt. Griffin and Acting Comm'r Annucci failed to protect him against a general risk of harm to all inmates at the facility. That claim fails as well.

Plaintiff's allegation concerning Supt. Griffin's knowledge of prior similar attacks is entirely conclusory. Plaintiff merely alleges Supt. Griffin was "very aware of the various means that one may use to inflict harm on another, both by his position and experience within DOCCS." (Am. Compl. ¶ 26).

As for defendant Acting Comm'r Annucci, plaintiff asserts Annucci was aware of prior similar attacks because he is a "long time employee of DOCCS"—another conclusory assertion—and due to two prior incidents: according to plaintiff, another inmate was stabbed and killed in the yard, and the deputy superintendent once was attacked with a weapon. (Am. Compl. ¶ 42). But one of those incidents involved an attack on a deputy superintendent and therefore was not an inmate-on-inmate attack. Thus, plaintiff only alleges Annucci knew of one prior inmate-on-inmate attack, which is a far cry from a "longstanding, pervasive, well-documented history of similar attacks." Constant v. Prack, 2019 WL 3287818, at *7.

Plaintiff also fails to allege sufficient facts to suggest the prior incidents were similar in other ways to plaintiff's attack. Plaintiff does not allege whether the prior incidents involved surprise attacks, what kind of weapons the assailants in those incidents used (e.g., whether those assailants also used broken-off pieces of a sign), or whether those incidents also occurred while

---

[4]    Plaintiff's claim against C.O. Trinidad appears to be based on misidentifying plaintiff's assailant. That claim lacks merit for the additional reason that plaintiff fails plausibly to allege C.O. Trinidad exposed him to conditions that "pose an unreasonable risk of serious damage to his health." Helling v. McKinney, 509 U.S. 25, 35 (1993). Plaintiff does not allege he has suffered any harm, or that there has been a threat of any harm, from the original assailant, since the October 6, 2015, assault.

inmates were waiting in line to use the phone. Further, plaintiff fails to allege when those prior incidents occurred and what steps, if any, defendants failed to take to ensure those incidents would not occur again. Although plaintiff alleges there should have been other guards on duty and a security camera when he was attacked, there are no facts suggesting a lack of supervision or security camera caused the prior incidents.

Accordingly, plaintiff's failure to protect claim against Acting Comm'r Annucci, Supt. Griffin, C.O. Ernst, C.O. Trinidad, and the three John Doe defendants is dismissed.

III.    First Amendment Retaliation Claim

Liberally construed, plaintiff's amended complaint asserts a claim for First Amendment retaliation against defendants Sgt. Bizub and C.O. Kasper. That claim also must be dismissed.

Courts approach prisoners' retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (quoting Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003)). Accordingly, a prisoner pursuing a retaliation claim must not rest on "wholly conclusory" allegations, but rather must allege "specific and detailed" supporting facts. Id. (internal quotation omitted).

To adequately plead a First Amendment retaliation claim, a plaintiff must allege (i) she engaged in constitutionally protected speech or conduct; (ii) a defendant took adverse action against her; and (iii) the protected speech and adverse action are causally connected. Dolan v. Connolly, 794 F.3d at 294. Regarding the first element, "expressing an intent to engage in a constitutionally protected activity . . . is not protected activity." Edwards v. Horn, 2012 WL 760172, at *14 (S.D.N.Y. Mar. 8, 2012) (internal citations omitted).

Here, plaintiff fails to allege he engaged in constitutionally protected speech or conduct. Plaintiff's theory is that defendants fabricated a synthetic marijuana report to deter plaintiff from filing a complaint and undermine his credibility if he did. Thus, it is clear from plaintiff's complaint that he had not filed a complaint or engaged in other constitutionally protected activity when defendants allegedly fabricated the synthetic marijuana report.

Accordingly, plaintiff's First Amendment retaliation claim against Sgt. Bizub and C.O. Kasper is dismissed.

IV.    Due Process Claim

To the extent plaintiff asserts a due process claim against Sgt. Bizub and C.O. Kasper arising from the same alleged facts—that is, the alleged false synthetic marijuana report and his resulting charges and sentence—that claim likewise fails because plaintiff fails sufficiently to allege he was deprived of due process.

"[A]n inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (internal citations omitted). Plaintiff does not allege his proceedings lacked any of these due process protections.

Indeed, plaintiff's claim rests on the assertion that C.O. Kasper and Sgt. Bizub fabricated the misbehavior report regarding plaintiff spitting out synthetic marijuana. But "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)).

Accordingly, plaintiff's due process claim against defendants Sgt. Bizub and C.O. Kasper is dismissed.

V.    Conspiracy Claim

Because plaintiff has not adequately pleaded any other underlying violation of his constitutional rights, his conspiracy claim against all other defendants necessarily fails as a matter of law. See, e.g., Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must [allege] an actual violation of constitutional rights.").

VI.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d at 112 (internal quotation omitted).

The Court has already once granted plaintiff leave to amend after dismissing plaintiff's claims for failure to allege the personal involvement of any defendant. (Doc. #9). Nevertheless, because a liberal reading of plaintiff's amended complaint indicates a valid failure to protect claim might be stated, the Court grants plaintiff leave to file a second amended complaint as to his failure to protect claim only to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's second amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. Describe all relevant events, stating the facts that support plaintiff's case, including what each individual defendant did or failed to do;

2. Give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

3. Give the location where each relevant event occurred;

4. Describe all prior inmate-on-inmate attacks similar to the one suffered by plaintiff, including the approximate date, time, and location of those events, and the measures defendants should have taken in response to such prior attacks that would have prevented the attack on plaintiff;

5. Describe how defendants knew about any alleged prior inmate-on-inmate attacks; and

6. Describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered as a result of those acts or omissions.

Essentially, the body of plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the second amended complaint will completely replace, not supplement, the existing amended complaint. Therefore, plaintiff must include in the second amended complaint all information necessary for his claims.** However, plaintiff is directed to include in his second amended complaint only those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file a second amended complaint as to his Eighth Amendment failure to protect claim only, in accordance with the instructions below.

Plaintiff shall file his second amended complaint by no later than October 16, 2019, using the second amended complaint form attached to this Opinion and Order. **If plaintiff fails to file a second amended complaint or seek additional time to do so by October 16, 2019, the Court will deem plaintiff to have abandoned this case and will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the motions. (Docs. ##37, 42).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 16, 2019
     White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 17 CV 9643 (VB)

(To be filled out by Clerk's Office)

## SECOND AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name           Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City               State          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

# IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____              _____
Dated                                                              Plaintiff's Signature

_____
First Name                         Middle Initial            Last Name

_____
Prison Address

_____
County, City                                    State                         Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____