UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSE CARRASCO,                                    :
                          Plaintiff,              :
                                                  :            **OPINION AND ORDER**
         v.                                       :
                                                  :            17 CV 9643 (VB)
SUPERINTENDENT THOMAS GRIFFIN,                    :
                          Defendant.              :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Jose Carrasco, proceeding pro se and in forma pauperis, brings this action

against defendant Thomas Griffin, the former Superintendent of Green Haven Correctional

Facility ("Green Haven"), alleging Griffin violated the Eighth Amendment by failing to protect

plaintiff from being stabbed by another inmate in the prison yard.[1]

        Now pending is defendant's unopposed[2] motion for summary judgment.  (Doc. #87).

---

[1]     Initially, plaintiff brought claims against several New York State Department of
Corrections and Community Supervision ("DOCCS") employees under the First, Eighth, and
Fourteenth Amendments, including a failure to protect claim premised on the assault.  (Doc.
#13).  In an Opinion and Order dated September 16, 2019, the Court granted defendants' motion
to dismiss the amended complaint, but granted plaintiff leave to amend his complaint as to his
Eighth Amendment failure to protect claim.  (Doc. #48).  Plaintiff filed a second amended
complaint on October 18, 2019, asserting a failure to protect claim only against Superintendent
Griffin and former defendant Anthony Annucci.  (Doc. #52).  On August 26, 2020, the Court
granted defendants' motion to dismiss with respect to plaintiff's claim against Annucci, but not
with respect to the claim against Griffin.  (Doc. #62).  Accordingly, plaintiff's sole remaining
claim is the failure to protect claim against Griffin.

[2]     The Court extended plaintiff's deadline to oppose the motion twice, once sua sponte after
plaintiff missed his original deadline, and again upon a request from plaintiff. (Docs. ##96, 98).
Notably, the second extension granted plaintiff the full six-month extension for which he asked.
In each Order extending plaintiff's deadline, the Court warned plaintiff that the Court would
deem the motion fully submitted and unopposed if plaintiff failed to respond by the applicable
deadline.  Nonetheless, plaintiff failed to oppose the motion by the final deadline of December 6,
2022.  Thus, on December 21, 2022, the Court deemed the motion fully submitted and
unopposed.  (Doc. #102).

1

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Defendant has submitted a memorandum of law, a statement of material facts pursuant to Local Civil Rule 56.1,[3] and supporting declarations and exhibits, which together reflect the following factual background.

On October 6, 2015, plaintiff was attacked by another inmate in the yard at Green Haven. The assailant used a plastic shank-type weapon to stab plaintiff.  Plaintiff suffered several lacerations and puncture wounds.

Plaintiff submitted two grievances[4] related to the October 6 incident.  First, on November 2, 2015, plaintiff complained that the weapon used to stab him was made from signs located near the telephones in the yard (which he wanted removed to prevent similar weapons from being made) and that corrections officers were not at their posts overseeing the yard when he was attacked.  (Doc. #90-4 at ECF 2).[5]  Second, on November 3, 2015, plaintiff complained that contraband found on his person after the incident was placed there as a "set up."  (Doc. #90-5 at ECF 2).  In the November 3 grievance, he also challenged a disciplinary ticket he was issued for

---

3       Because plaintiff failed to submit a counterstatement pursuant to Local Civil Rule 56.1(b), the Court deems the facts in defendant's Rule 56.1 Statement to be undisputed.  See Local Civil Rule 56.1(c).

4       Plaintiff's grievances and related submissions to DOCCS are written in Spanish. Defendant has submitted translations that were created contemporaneously by DOCCS staff.

5       "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

intoxication, arguing his urine test came back clean.  These two grievances were subsequently consolidated.

On February 29, 2016, the Inmate Grievance Review Committee ("IGRC") issued a response to plaintiff's consolidated grievances, recommending only that "the fiber-glass that surrounds the phones in the yards be removed because it is a security issue."  (Doc. #90-6 at ECF 1).

On March 1, 2016, plaintiff appealed the IGRC decision to the facility superintendent. On March 22, 2016, the Grievance Clerk submitted the appeal to the superintendent.

On May 6, 2016, the superintendent denied plaintiff's appeal.  Laura Stanaway, supervisor of Green Haven's inmate grievance program ("IGP"), attests that, the following day, two copies of the superintendent's decision were sent to plaintiff.  (Doc. #92 ¶ 11).

On October 12, 2016, plaintiff sent Stanaway a letter inquiring into the status of his grievances.[6]  By memorandum dated October 28, 2016, Stanaway responded that the superintendent's May 6 decision had been forwarded to plaintiff, but no appeal from the decision had been received.  Stanaway further advised plaintiff that any future appeal would be untimely. (Doc. #90-8).

On November 4, 2016, plaintiff responded by letter, stating he was "not satisfied with your[7] decision."  (Doc. #90-9 at ECF 1).  He contended he had not received "anything back" from Stanaway, and argued Stanaway should have sent him "some kind of response" earlier if

---

[6]      A copy of plaintiff's letter is not part of the record.

[7]      It is unclear from plaintiff's letter whether the decision with which he was dissatisfied was the superintendent's denial of his appeal or Stanaway's statement in her October 28 memorandum that any future appeal to the CORC would be untimely.

she had not received an "appeal from [plaintiff] or any other letter." (Id.) Plaintiff also objected to the consolidation of his grievances.

The same day, plaintiff submitted an appeal of the superintendent's decision.[8] Stanaway attests that, consistent with her usual practice, and because she had informed plaintiff in the October 28 memorandum that any appeal would be untimely, she did not forward plaintiff's untimely appeal to the Central Office Review Committee ("CORC"). (Doc. #92 ¶¶ 16–17).

Plaintiff commenced this action on December 7, 2017.

## DISCUSSION

I.   Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[9]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether

---

[8]     Plaintiff's appeal is written in Spanish and no translation is provided. However, it is written in the "Appeal Statement" section of the superintendent's decision, bears plaintiff's signature, and is dated November 4, 2016. (Doc. #90-10 at ECF 2).

[9]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 322–23.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

"Where, as here, a party has not opposed a motion for summary judgment, 'the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed.'" Slep-Tone Entm't Corp. v. Golf 600 Inc., 193 F. Supp. 3d 292, 295 (S.D.N.Y. 2016) (quoting Jackson v.

5

Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014)).  Indeed, if a party has not opposed the motion,

the Court may grant summary judgment only "if the motion and supporting materials—including

the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P.

56(e)(3).  Accordingly, bald assertions, completely unsupported by admissible evidence, are not

sufficient to defeat summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Although courts must afford a pro se litigant special solicitude on a motion for summary

judgment and read his submissions "to raise the strongest arguments that they suggest," such

solicitude "does not relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a

motion for summary judgment." Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003).

II.    Failure to Exhaust Administrative Remedies

Defendant argues plaintiff's Eighth Amendment claim must be dismissed because

plaintiff failed to exhaust available administrative remedies.

The Court agrees.

A.    Legal Standard

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to

prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

Timely and procedurally proper exhaustion is "mandatory."  Woodford v. Ngo, 548 U.S. 81, 83

(2006).

As a prisoner in DOCCS custody, plaintiff was required to exhaust his remedies under New York's Inmate Grievance Program by (i) submitting a complaint to the clerk of Green Haven's IGRC within twenty-one days of the alleged incident; (ii) appealing to the superintendent of the facility within seven days of the IGRC's response; and (iii) appealing to CORC within seven days of the superintendent's response.  See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Section 701.5 sets out the timeframe within which a decisionmaker must respond to the prisoner; for example, a superintendent must respond within twenty days after receiving an appeal from an IGRC decision.  N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(c)(3).  "If the decisionmaker does not respond within [the applicable] timeframe, the prisoner may 'appeal to the next step' in the process."  Dabney v. Pegano, 604 F. App'x 1, 3 (2d Cir. 2015) (summary order) (quoting N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(ii)).[10]  Thus, "[e]ven when an inmate's grievance receives no response" from the superintendent, the inmate "must still exhaust" his administrative remedies by appealing to the CORC.  McGee v. New York City, 2018 WL 565721, at *2 (S.D.N.Y. Jan. 24, 2018).

An IGP supervisor may grant an inmate's request for additional time to appeal to the CORC "based on mitigating circumstances."  N.Y. Comp. Codes R. & Regs. tit. 7. § 701.6(g)(1)(i)(b).  However, "if the request was made more than 45 days after the date of the [superintendent's] decision," no extension may be granted "unless the late appeal asserts a failure to implement the [superintendent's] decision."  Id.

---

[10]    Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

On a motion for summary judgment, a defendant has the burden of demonstrating the plaintiff's failure to exhaust.  Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015).  A defendant can meet that burden by submitting evidence that a grievance process exists and applies to the underlying dispute, and that plaintiff failed to utilize it.  Id.

The exhaustion requirement is excused only when the administrative process is unavailable because:  (i) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) it is "so opaque that it becomes, practically speaking, incapable of use" with rules "so confusing that no reasonable prisoner can use them"; or (iii) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 643–44 (2016).

B.   Analysis

Here, there is no genuine issue of material fact as to whether plaintiff properly exhausted the grievance procedure.  He did not.

Defendant has submitted credible evidence that Green Haven maintains an accessible grievance process applicable to the underlying incidents.  Furthermore, it is undisputed that plaintiff did not appeal the superintendent's decision to the CORC within seven days or request additional time to do so within forty-five days.  Nor does plaintiff's appeal assert any failure to implement the decisions of the IGRC or superintendent, which could justify granting him a longer grace period to file his appeal.

Although the record indicates plaintiff told IGP Supervisor Stanaway he never received the superintendent's decision, this claim is belied by evidence that two copies were sent to plaintiff the day after the decision was rendered.  And even if plaintiff never received those

copies, he "was nonetheless obligated to file an appeal with CORC within a reasonable period of time after he should have but did not hear the result of his appeal to the superintendent—not to send a letter to the Grievance Office asking for the result, and not to let the matter drop after he failed to get a response." Hecht v. Best, 2012 WL 5974079, at *3 (S.D.N.Y. Nov. 28, 2012). This is true notwithstanding that, here, the superintendent's decision was issued outside of the twenty-day timeframe prescribed by statute. See Allah v. Morrison, 2020 WL 5102728, at *3 (W.D.N.Y. Aug. 31, 2020) ("Even assuming that some delays in the processing of appeals are to be expected, it is simply not reasonable to wait over four months to ask about the status of an appeal.").

Here, plaintiff appealed the superintendent's decision nearly six months after it was issued (and more than eight months after plaintiff sought superintendent review of the IGRC's decision). This falls far short of proper and timely exhaustion. See Petit v. Bender, 2003 WL 22743485, at *5 (S.D.N.Y. Nov. 19, 2003) ("Courts in this jurisdiction have regularly held that failure to timely file an appeal during the administrative grievance process, followed by a subsequent denial of access by CORC due to untimeliness, will not constitute exhaustion.") (collecting cases).

Accordingly, because no evidence in the record raises a genuine issue of fact that plaintiff exhausted his administrative remedies or that exhaustion was unavailable to him, summary judgment must be granted on plaintiff's claim against Superintendent Griffin.[11]

---

[11]    Because there is no genuine issue of material fact as to whether plaintiff failed to exhaust his administrative remedies, the Court need not address whether a reasonable jury could find Griffin violated plaintiff's constitutional rights.

Moreover, because the time during which plaintiff could have appealed to the CORC has long expired, and "such remedies are no longer available, dismissal with prejudice [is] proper." Berry v. Kerik, 366 F.3d 85, 86 (2d Cir. 2004).

**CONCLUSION**

The motion for summary judgment is GRANTED.  The case is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #87) and close this case.

Chambers will mail a copy of this Opinion and Order and all unpublished decisions to plaintiff at the address on the docket.

Dated:  March 20, 2023
        White Plains, NY

                              SO ORDERED:


                              Vincent L. Briccetti
                              United States District Judge